## SMITH v. MADDEN.

(Circuit Court, N. D. Ohio, E. D. January 22, 1896.)

GUARDIANS—SUITS IN FEDERAL COURTS.

  A guardian appointed by the courts of one state cannot sue, as such, in a federal court sitting in another state.

Bane & Iams and Jones & Anderson, for plaintiff.

J. M. Jones and Kline, Carr, Tolles & Goff, for defendant.

RICKS, District Judge. This is a suit brought by the plaintiff, W. G. Smith, as guardian for Nancy Smith, to recover from the defendant damages for an assault made upon the person of the ward within the state of Pennsylvania. The petition alleges that said Smith has been duly appointed as guardian of the estate of Nancy Smith by the orphans' court of Washington county, in the state of Pennsylvania, and that he and his ward are both citizens of the state of Pennsylvania; and, after setting forth the grievances in the petition, the plaintiff prays judgment against the defendant in the sum of $25,000. A demurrer has been interposed to the petition, on the following grounds: "First, that the plaintiff has not the legal capacity to sue; second, that it appears upon the face of the petition that the alleged cause of action therein set forth is barred by the statute of limitations; third, that the petition does not state facts constituting a cause of action against the defendant." As a general proposition, it is well settled that an administrator or guardian appointed in one state cannot sue in the courts of another state without authority from the latter. Sections 6279 and 6290 of the Revised Statutes of Ohio provide in what way a guardian may bring suit in this state to recover money or property belonging to his ward. Section 6315 provides how a foreign guardian may dispose of property belonging to his ward in this state. But I fail to find any statute which authorized a foreign guardian to bring a suit of the character set forth in this petition. Counsel for the plaintiff have failed to call my attention to any such statute, and I do not think any exists. But counsel for plaintiff cite the case of Dennick v. Railroad Co., 103 U. S. 17, as supporting this right of a foreign guardian to bring a suit in Ohio for wrongs and injuries received in the state of Pennsylvania, where the guardian was appointed. That was a case in which a new York administrator brought a suit in the New York court to enforce a liability created by a New Jersey statute where the New Jersey statute expressly authorized the personal representative to bring the suit, and where a New York statute had a similar provision. The court, on page 19, say:

  "Let it be remembered that this is not a case of an administrator appointed in one state suing in that capacity in the courts of another state, without any authority from the latter. It is the general rule that this cannot be done."

Counsel for plaintiff further rely upon section 4998 of the Revised Statutes of Ohio as supporting his right to maintain this action. That section of the statutes simply provides that "the action

of an insane person must be brought by his guardian," and does not apply to a foreign guardian. The case of Johnson v. Powers, 139 U. S. 156, 11 Sup. Ct. 525, states the general doctrine thus: "An administrator appointed in one state cannot, as such, maintain any suit in another state." I fail to find, therefore, any authority for the plaintiff, as a foreign guardian, to bring this action in this court against a citizen of this state.

Counsel for the plaintiff insist that it would be a hardship to deprive the plaintiff of the right to recover in a suit of this kind. This is a question for the legislature of Ohio, and not for the court. No authority exists, by the statute, to maintain this action, and the court must so hold. The first cause of demurrer is therefore sustained, and the action will be dismissed.