DAVIDOW v. PENNSYLVANIA R. CO.

(Circuit Court, S. D. New York. March 21, 1898.)

1. PLEADING—DEMURRER—ADMISSION OF ALLEGATIONS OF COMPLAINT.
   In an action by an administrator to recover for death of his intestate, the complaint alleged that, "under the laws of the state of New York, plaintiff, as such administrator, has a right to commence this action for the benefit of said next of kin." Held that, since the laws of different states are not required to be pleaded and proved in the federal courts, such an averment was not an allegation of fact admitted by the demurrer. Hanley v. Donoghue, 6 Sup. Ct. 242, 116 U. S. 1, distinguished. Lamar v. Micou, 5 Sup. Ct. 857, 114 U. S. 223, followed.

2. DEATH FROM WRONGFUL ACT—ACTION—LAWS OF FOREIGN STATE.
   Intestate was killed in one state, and his administrator, to recover for his death, brought an action in another. Held, that whatever cause of action resulted to his survivors, whether widow, next of kin, or personal representative, was governed by the law of the state where the injury occurred.

3. SAME—COMPLAINT—SUFFICIENCY.
   Laws Pa. 1851, p. 674, § 19, provide that the widow or personal representative of the deceased may bring an action to recover for his death resulting from wrongful act. Laws 1855, p. 309, § 1, provide that the persons entitled to recover are the husband, widow, children, or parents of the deceased, and no other relative, and that the declaration shall state who are the parties entitled to recover. Held, that a complaint which states that the action is brought for the benefit of the next of kin, but which does not state that deceased left a widow, children, or parents, does not state a cause of action.

The complaint avers that plaintiff is a citizen of New York, and defendant a Pennsylvania corporation; also that deceased in his lifetime was a citizen of New York; that by the negligence of defendant deceased was struck by one of its engines and killed at Sunbury, in the state of Pennsylvania; that the deceased was a brother of plaintiff, and left, him surviving, five other persons named in the complaint as "next of kin"; and that the surrogate of New York duly appointed plaintiff administrator of the goods, chattels, and credits of the deceased, for the purpose of instituting this action. It finally avers that, "under and pursuant to the laws of the state of New York, plaintiff, as such administrator, has a right to commence this action for the benefit of said next of kin, and that, by reason of the wrongful acts aforesaid of defendant, the said next of kin have sustained damages in the sum of $25,000. The defendant demurred to the complaint as not setting forth a cause of action.

Wales F. Severance, for the motion.
Charles Hough, opposed.

LACOMBE, Circuit Judge (after stating the facts). The averment that, "under the laws of the state of New York, plaintiff, as such administrator, has a right to commence this action for the benefit of said next of kin," is not an allegation of fact which is admitted by the demurrer. The plaintiff cites Hanley v. Donoghue, 116 U. S. 1, 6 Sup. Ct. 242, but seemingly overlooks the fact that that cause came before the supreme court upon writ of error to a state court of appeals, and that it holds only that an averment that a judgment by the law of the state in which it was rendered is valid and enforceable against one person, and void against another, is an allegation of fact, when it is made in an action brought in a state court; and this, for the reason that a state court is not presumed to know the laws of another state, which, therefore, must be proved before it as any other fact. The rule is different in the federal courts. "The law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice without plea or proof." Lamar v. Micou, 114 U. S. 223, 5 Sup. Ct. 857. The trespass to the person of deceased which is the ground of complaint was committed in Pennsylvania, and he died there as the result of such trespass. Whatever cause of action results to his survivors, whether widow, next of kin, or personal representatives, must be found in the statutes of that state. No such cause of action existed at common law, and the statutes of New York are inoperative within the limits of the state of Pennsylvania. Dennick v. Railroad Co., 103 U. S. 17. It becomes necessary, therefore, to inquire what are the laws of Pennsylvania giving a cause of action for injuries causing death. The following citations sufficiently disclose the situation:

"Whenever death shall be occasioned by unlawful violence or negligence and no suit for damages be brought by the party injured during his lifetime, the widow of any such deceased, or if there be no widow the personal representatives, may maintain an action for and recover damages for the death thus occasioned." P. L. 1851, p. 674, § 19.

"The persons entitled to recover damages for any injury causing death shall be the husband, widow, children or parents of the deceased, and no other relative, and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy and that without liability to creditors." P. L. 1855, p. 309, § 1.

"The declaration shall state who are the parties entitled in such action. The action shall be brought within one year after the death and not thereafter."

The right of action given by the Pennsylvania statute may be enforced in New York, since, to the extent to which it allows recovery, it is not inconsistent with the statutes of the latter state, which in similar cases allow a recovery for the benefit of husband, wife, children, or parents. Railroad Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905; Railroad Co. v. McDuffey, 25 C. C. A. 247, 79 Fed. 934. But the complaint must show that such a cause of action exists, and this is not shown without an averment that deceased has left surviving "persons entitled to recover," namely, "husband, widow, children, or parents." There being no such averment in this case, the demurrer is sound.

Plaintiff may have 20 days in which to amend, and, in the event of failure so to do, defendant may enter judgment dismissing the complaint.