J. B. & J. M. CORNELL CO., Limited, et al. v. WARD.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

No. 191.

DEATH (§ 31*)—ACTION FOR CAUSING DEATH—PERSONS ENTITLED TO SUE—FOREIGN ADMINISTRATOR.

An administrator appointed in another state cannot maintain an action in New York to recover damages for the wrongful death of his intestate without taking out ancillary letters in that state, there being no statute of the state authorizing foreign administrators as such to sue therein.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 39; Dec. Dig. § 31.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon writ of error by defendants to review a judgment of the Circuit Court in favor of plaintiff, who sued to recover damages for the alleged negligence of defendants resulting in the death of George H. Ward, plaintiff's son.

Lemuel Skidmore, for plaintiff in error J. B. & J. M. Cornell Co.

Rose & Putzel (Benj. G. Paskus and Sydney Bernheim, of counsel), for plaintiffs in error Boehm and Coon.

I. Henry Harris, for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The accident occurred in the state of New York, the statutes of which state provide that the executor or administrator of a decedent, who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect, or default by which the death was caused. The damages recovered do not constitute any part of the decedent's estate. They are exclusively for the benefit of such husband or wife or next of kin. Code Civ. Proc. N. Y. §§ 1902, 1903. There is a similar statute in New Jersey. The deceased was a resident of Newark, N. J., and plaintiff was appointed administrator by the surrogate's court in that state. At the time of bringing suit he had not taken out ancillary letters in New York, and no statute of that state gives a foreign administrator, who has not received such an appointment, any right to sue in its courts. It is well settled that an administrator appointed in one state cannot as such maintain an action in another state, which has not either by the issue of ancillary letters or by some special provision of statute given him authority so to sue. Noonan v. Bradley, 9 Wall. 394, 19 L. Ed. 757; Dennick v. Central Railway Co., 103 U. S. 11, 26 L. Ed. 439. The objection was duly raised on the trial, and exception was reserved. The objection is fatal, and the judgment must be reversed. Fortunately this error will not deprive the plaintiff of any substantial right. It appears that subsequent to the trial he has taken out ancillary letters, and the Circuit Court has power to allow amendment which will enable him to prosecute the suit as such administrator. Van Doren v. Pennsylvania R. R., 93 Fed. 260, 35 C. C. A. 282; Hodges v. Kimball, 91 Fed. 845, 34 C. C. A. 103.

The judgment is reversed.