### DODGE v. TOWN OF NORTH HUDSON.

(Circuit Court, N. D. New York. April 26, 1910.)

1. MUNICIPAL CORPORATIONS (§ 755*)—INJURIES—LIABILITY OF TOWN.

New York Highway Law (Laws 1908, c. 330) § 74, providing that every town shall be liable for all damages to person or property sustained by reason of any defect in its highways or bridges existing because of any neglect of the commissioner of highways of such town, created a liability of the town for negligence in relation to highways and bridges which did not exist at common law.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1587–1590; Dec. Dig. § 755.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

**2.** ACTION (§ 27*)—TORTS—LOCAL OR TRANSITORY ACTION.

The action against a town for injuries to persons and property by a defect in highways and bridges given by New York Highway Law (Laws 1908, c. 330) § 74, is in tort, and is not local, but transitory, and may be maintained wherever a wrongdoer can be found.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 160–195; Dec. Dig. § 27.*]

**3.** DEATH (§ 8*)—WRONGFUL DEATH—PARTIES.

Where an action for wrongful death is brought in a state other than the one where the accident or injury resulting in death occurred, based on a statute authorizing such action, it is not necessary that the action be brought in the name of the person or party specified in the statute of the state where the injury occurred and the wrong was committed, as the one to bring it and enforce the right, the statute being remedial, the action may be brought under the procedure of the state where the action was commenced, and in the name of the one there authorized to bring such action under the similar laws of that state.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 12, 36, 52, 121, 133; Dec. Dig. § 8.*]

**4.** EXECUTORS AND ADMINISTRATORS (§ 518*)—APPOINTMENT OF ADMINISTRATOR—ASSETS—ACTION FOR WRONGFUL DEATH.

Where a nonresident suffers wrongful death in New York, the right of action for his death constitutes sufficient assets to entitle his domiciliary administrator to ancillary letters of administration in New York for the prosecution of such action.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 518.*]

**5.** DEATH (§ 31*)—WRONGFUL DEATH—ACTION BY FOREIGN ADMINISTRATOR—ANCILLARY LETTERS.

The domiciliary administratrix of the estate of a citizen and resident of Massachusetts appointed by the probate court of that state could not sue in the Circuit Court of the United States sitting in New York in the district where the defendant resides to recover damages for decedent's alleged wrongful death occurring in New York, as authorized by the statutes of that state without taking ancillary letters in New York.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 39; Dec. Dig. § 31.*]

Action by Josephine M. Dodge, as administrator of the goods, chattels, and credits of James E. Dodge, against the Town of North Hudson. On demurrer to complaint. Sustained.

Miller & Matterson, for plaintiff.

F. G. Fincke, for defendant.

RAY, District Judge. Evidently this is intended to be an action by the administratrix of James E. Dodge, deceased, to recover damages for the death of said Dodge caused by the actionable negligence or wrongful act or omission of the defendant, one of the municipal corporations (towns) of the state of New York, growing out of defects in its highway and bridge on which said Dodge was traveling, and can be maintained, if at all, under the provisions of the Code of Civil Procedure of the state of New York and its highway laws only. The amount of damages alleged and claimed is sufficient to give this court jurisdiction, so far as amount involved is concerned, but the complaint fails to allege that the plaintiff, at the time the action was commenced,

was a citizen of the state of Massachusetts, or of some state other than New York, unless the allegation that she is the administratrix, etc., of James E. Dodge, deceased, appointed by the courts of Massachusetts, is an allegation that she is a citizen of said state. Hence, it is claimed the complaint fails to show the requisite diversity of citizenship.

The further objection is raised that there is no allegation that plaintiff has been appointed administratrix of the estate of said Dodge in the state of New York, or that she has taken ancillary letters here, and that an action cannot be maintained in the Circuit Court of the United States for the Northern District of New York to recover damages resulting from death caused by the wrongful act or negligence of a town, or person, or corporation under the statutes referred to by an executor or administrator of the estate of a deceased person who was domiciled in another state, appointed by the probate or surrogate's court of such foreign state, the domicile of the deceased person at the time of the injury and death, the injury or negligence occurring in the state of New York. James E. Dodge, at the time of the injury resulting in his death, was a citizen and resident of the county of Middlesex, state of Massachusetts, and was traveling on the public highway in the town of North Hudson, county of Essex, N. Y., when he was injured so that he died at his home in Massachusetts of such injuries by reason of the actionable negligence of said town or of its officers. Thereafter, and on the 1st day of August, 1909, Josephine M. Dodge, residing in Massachusetts, widow of said James E. Dodge, was duly appointed sole administratrix of the estate of said decedent by the probate court of said county of Middlesex, state of Massachusetts, said court having jurisdiction, and she duly qualified as such, and thereafter brought this action. Notice of the time, place, etc., of the accident and of this claim was duly given as required by the New York statutes. It is the case of an administratrix of the estate of a resident and citizen of the state of Massachusetts appointed by the probate court of that state, suing in the state of New York, in the Circuit Court of the United States and in the district where defendant resides, to recover damages on a cause of action arising in the state of New York and given by the statutes of such state, without taking ancillary letters in such state.

This action is against one of the towns of one of the counties of the state of New York, organized and declared to be a municipal corporation. Section 74 of the highway law of the state of New York, in effect July 26, 1908, when this transaction complained of occurred, declares:

"That every town shall be liable for all damages to person or property sustained by reason of any defect in its highways or bridges existing because of the neglect of any commissioner of highways of such town." Laws 1908, c. 330.

This liability of the town for negligence in relation to highways and bridges does not exist at common law, but is given by statute, and by the statute mentioned. People ex rel. Van Kenren v. Board of Town of Auditors of Town of Esopus, 74 N. Y. 310, 315, 316; Thompson on Highways, 75, 76, 260, 261, and cases cited. The statute formerly imposed the duty to repair and keep in reasonably safe

condition highways and bridges on highway commissioners, and they were held liable in case they had funds only. Subsequently the duty was imposed on the town direct by the statute referred to. However, the action·to recover damages for the negligence of the town or its commissioner is in tort, and is not local, but transitory, and can be maintained wherever the wrongdoer can be found. Dennick v. Railroad Company, 103 U. S. 11, 26 L. Ed. 439, cited and approved; Stewart v. Baltimore & Ohio Railroad Co., 168 U. S. 445, 448, 18 Sup. Ct. 105, 42 L. Ed. 537. The negligence consists in failing to perform a duty imposed by statute, and the liability is now imposed on the town itself.

The cause of action now referred to (two are set out in the complaint; one to recover damages for the death, and the second to recover damages for the destruction of the vehicle in which Dodge was riding when he received his injuries), being for damages for a tort causing or resulting in death, no recovery could be had by the executor or administrator of the deceased under any common-law rule or remedy, but the action can be maintained under the provisions of the Code of Civil Procedure of the state of New York, sections 1902, 1903, of which provide as follows:

"1902. Action for Death by Negligence—The executor or administrator of a decedent, who has left, him or her surviving, a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect, or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent, by reason thereof, if death had not ensued. Such an action must be commenced within two years after the decedent's death.

"1903. For Whose Benefit Recovery Had.—The damages recovered in an action, brought as prescribed in the last section, are exclusively for the benefit of the decedent's husband or wife, and next of kin; and, when they are collected, they must be distributed by the plaintiff, as if they were unbequeathed assets, left in his hands, after payment of all debts, and expenses of administration. But the plaintiff may deduct therefrom the expenses of the action, and his commissions upon the residue; which must be allowed by the surrogate, upon notice, given in such a manner and to such persons, as the surrogate deems proper."

This statute removes the common-law obstacle to a recovery of damages resulting from the death of the person injured in cases where such person might have recovered had he lived. Stewart v. Baltimore & Ohio Railroad Co., 168 U. S. 445, 449, 18 Sup. Ct. 105, 106, 42 L. Ed. 537. It was there said:

. "As heretofore noticed, the substantial purpose of these various statutes is to do away with the obstacle to a recovery caused by the death of the party injured," and "a negligent act causing death is in itself a tort, and, were it not for the rule founded on the maxim 'actio personalis moritur cum persona,' damages therefor could have been recovered in an action at common law."

And, referring to the statutes of the various states similar to New York Code of Civil Procedure, quoted, the court said:

"The purpose of the several statutes passed in the states, in more or less conformity to what is known as 'Lord Campbell's Act,' is to provide the means for recovering the damages caused by that which is essentially and in its nature a tort. Such statutes are not penal, but remedial, for the benefit of the persons injured by the death."

In the same case it is held:

"For purposes of jurisdiction in the federal courts, regard is had to the real, rather than to the nominal, party"—citing cases.

In the case referred to and from which these quotations are made the plaintiff's intestate was killed by the negligence of the defendant in the state of Maryland. The action was brought by the personal representative of the deceased in the District of Columbia on the Maryland statute which provides that:

"Every such action * * * shall be brought by and in the name of the state of Maryland"—

while a similar statute in the District of Columbia provides that:

"The action shall be brought in the name of the personal representative of the deceased."

As was said in Pollard v. Bailey, 20 Wall. 520, 22 L. Ed. 376:

"A general liability created by statute without a remedy may be enforced by an appropriate common-law action. But where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone, must be employed."

Notwithstanding this rule, cited by the court, the Supreme Court held that the personal representative of the deceased could maintain the action given by the Maryland statute and removing the obstacle to the maintenance of such an action for damages for the death, and said:

"The two statutes differ as to the party in whose name the suit is to be brought. In Maryland, the plaintiff is the state; in the district, the personal representative of the deceased. But neither the state in the one case, nor the personal representative in the other, has any pecuniary interest in the recovery. Each is simply a nominal plaintiff. While in the district the nominal plaintiff is the personal representative of the deceased, the damages recovered do not become part of the assets of the estate, 'r liable for the debts of the deceased, but are distributed among certain of his heirs. By neither statute is there any thought of increasing the volume of the decedent's estate, but in each it is the award to certain prescribed heirs of the damages resulting to them from the taking away of their relative. For purposes of jurisdiction in the federal courts, regard is had to the real, rather than to the nominal, party."

This case demonstrates that when suit is brought in a state other than the one where the accident or injury resulting in death occurred, based on such a statute, that of the state where the injury occurred and the wrong was committed, it is not necessary to bring the action in the name of the person or party specified in that statute as the one to bring it and enforce the right. The statute being remedial, the action may be brought under the procedure of the state where the action is commenced, and in the name of the one there authorized to bring such an action under the similar laws of such state. In Lang v. Houston, etc., 75 Hun, 151, 27 N. Y. Supp. 90, affirmed 144 N. Y. 717, 39 N. E. 858, it is held that our statute gives a right of action to the personal representative of a citizen of a foreign state injured by negligence here, such injury resulting in death. In that case deceased was a citizen of Pennsylvania where his will was proved and letters testamentary issued to the executors named. Ancillary letters were

issued in New York to another person, who brought the action under the statute. The court said:

"This statute is a remedial one, enacted for the purpose of compelling those who negligently cause the death of persons to compensate the surviving husband, widow, or next of kin of the person so killed, and, like all such statutes, should be so construed as to give, instead of withholding, the remedy intended to be provided. Lamphear v. Buckingham, 33 Conn. 237; Haggerty v. Central R. Co., 31 N. J. Law. 349. The important portion of the section is that which gives a right of action, and not that part which provides who may enforce it; the latter is an incidental provision. There is nothing in the words of the statute, nor in the circumstances attending its enactment, from which it can be inferred that the Legislature intended only to give a right of action in case the person killed was a citizen of this state, or left property in this state. The words of the statute are 'the executor or administrator of a decedent * * * may maintain an action to recover damages.' These words are broad enough to include ancillary executors or administrators, and nowhere in the sections relating to this subject are there found words indicative of an intent to exclude ancillary representatives, nor is there any reason that we can see why they may not maintain an action, unless we hold that the statute does not apply to persons killed who are not residents of this state."

The remarks of the court, "The important portion of the section is that which gives a right of action, and not that part of which provides who may enforce it; the latter is an incidental provision," are significant and in accord with the Stewart Case, supra. In Leonard v. Columbia Steam Navigation Co., 84 N. Y. 48, 38 Am. Rep. 491, it was held that the administrator of a deceased person killed by negligence in the state of Connecticut, such person being a citizen of New York and residing here, could maintain an action for damages based on the statute of Connecticut similar to ours in the New York courts. See, also, Wooden v. Western N. Y. & Pa. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803. It thus appears that it is not necessary that the person named in the statute sued upon as the one to bring it shall bring it. The procedure of the state where the action is brought governs, while the statute of the state where the injury was done gives the right of action.

Here, the statutes of the state of New York give the right of action, but the one removing the common-law obstacle to a recovery says that the executor or administrator of the decedent may maintain it. But does this preclude the administratrix of the estate of such decedent from maintaining the action in the Circuit Court of the United States in the district where the defendant resides, he or she having been duly appointed by the court of the decedent's residence and domicile, and having jurisdiction to make the appointment? Here, the administratrix is a nominal plaintiff; the widow and three minor children are the real plaintiffs, and the action is for their benefit. Stewart v. Baltimore & Ohio Railroad, supra. Can the Circuit Court of the United States in the Northern District of New York, Second circuit, recognize an administratrix appointed by the probate court of the state of Massachuset' First circuit, as a plaintiff seeking to enforce this statute, or, to put it another way, can an administratrix of the principal administration, that of the residence of the decedent, maintain an action in the Circuit Court of the United States of another state? If this can be done in such a case as this, it forms an exception to the general rule.

In Johnson v. Powers, 139 U. S. 156, 157, 11 Sup. Ct. 525, 526 (35 L. Ed. 112) the court said, per Mr. Justice Gray:

"The plaintiff certainly cannot maintain this bill as administrator of Stewart, even if the bill can be construed as framed in that aspect; because he admits that he has never taken out letters of administration in New York; and the letters of administration granted to him in Michigan confer no power beyond the limits of that state, and cannot authorize him to maintain any suit in the courts, either state or national, held in any other state. Stacy v. Thrasher, 6 How. 44, 58 [12 L. Ed. 337]; Noonan v. Bradley, 9 Wall. 394 [19 L. Ed. 757]."

In Noonan v. Bradley, 9 Wall. 394, 399 (19 L. Ed. 757) the court, per Mr. Justice Field, said:

"The first plea puts in issue the representative character of the plaintiff in the state of Wisconsin. It denies that, as to the causes of action stated in the declaration, he is or ever has been administrator of the effects of the deceased, and thus raises the question whether an administrator appointed in one state can, by virtue of such appointment, maintain an action in another state to enforce an obligation due his intestate. And upon this question the law is well settled. All the cases on the subject are in one way. In the absence of any statute giving effect to the foreign appointment, all the authorities deny any efficacy to the appointment outside of the territorial jurisdiction of the state within which it was granted. All hold that in the absence of such a statute no suit can be maintained by an administrator in his official capacity, except within the limits of the state from which he derives his authority. If he desires to prosecute a suit in another state he must first obtain a grant of administration therein in accordance with its laws."

Stacy, Administrator, v. Thrasher, etc., 6 How. 44, 45, 12 L. Ed. 337, is to the same general effect. See, also, Brown v. Fletcher's Estate, 210 U. S. 82, 90, 91, 28 Sup. Ct. 702, 52 L. Ed. 966.

It will be seen that cases for the recovery of assets belonging to the estate of a deceased person might not be maintainable by an executor or administrator appointed in another state without taking ancillary letters in the state where such assets are situated. There might be creditors in the state where the assets are situated whose rights should be protected, and hence on grounds of sound public policy the executor or administrator of the estate of a deceased person appointed in another state should not be recognized or permitted to interfere or administer. However, both the state courts, and the United States Courts in a state refuse recognition to an executor or administrator appointed in another state in cases such as the one at bar.

In Dennick v. Railroad Company, 103 U. S. 11, 26 L. Ed. 439, A., a citizen and resident of the state of New York, was injured and died in the state of New Jersey. If death had not ensued, the party inflicting or causing the injury, B., a citizen of New Jersey, would have been liable in an action for damages. C. was appointed administrator of the estate of the deceased in New York. New Jersey had a statute removing the common-law obstacle to recovery in such cases, and providing for a recovery similar to ours, and not inconsistent therewith. The recovery under the New Jersey statute was for the benefit of the same class of persons as under the New York statute. Held, that the New York administrator could maintain an action on the New Jersey statute in the New York courts or in the Circuit Court of the United States in New York; that it was not necessary the action

should be brought by an administrator appointed in New Jersey in the first instance. But this is not a holding that an administrator appointed in one state may maintain an action in the courts of another state, or in the courts of the United States held in another state.

In J. B. & J. M. Cornell Co., Lt., et al. v. Ward, 168 Fed. 51, 52, 93 C. C. A. 473, the question in such a case as this was squarely before the Circuit Court of Appeals, Second Circuit, Lacombe, Ward, and Noyes, sitting, and it was expressly held that an administrator appointed in New Jersey, of which state the deceased was a citizen, could not maintain an action in the Circuit Court of the Southern District. state of New York, where the accident occurred and the injury was received, as the New Jersey administrator could not be recognized in New York, either in the state or federal courts, there being no statute permitting it. In that case the plaintiff had been permitted to recover in the Circuit Court of the United States, but the Circuit Court of Appeals reversed the judgment, saying:

"The accident occurred in the state of New York, the statutes of which state provide that the executor or administrator of a decedent, who has left him or her surviving a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect, or default by which the death was caused. The damages recovered do not constitute any part of the decedent's estate. They are exclusively for the benefit of such husband or wife or next of kin. Code Civ. Proc. N. Y. §§ 1902, 1903. There is a similar statute in New Jersey. The deceased was a resident of Newark, N. J., and plaintiff was appointed administrator by the surrogate's court in that state. At the time of bringing suit he had not taken out ancillary letters in New York, and no statute of that state gives a foreign administrator, who has not received such an appointment, any right to sue in the courts. It is well settled that an administrator appointed in one state cannot as such maintain an action in another state, which has not either by the issue of ancillary letters or by some special provision of statute given him authority so to sue. Noonan v. Bradley, 9 Wall. 394, 19 L. Ed. 757; Dennick v. Central Railway Co., 103 U. S. 11, 26 L. Ed. 439. The objection was duly raised on the trial, and exception was reserved. The objection is fatal, and the judgment must be reversed. Fortunately this error will not deprive the plaintiff of any substantial right. It appears that subsequent to the trial he has taken out ancillary letters, and the Circuit Court has power to allow amendment which will enable him to prosecute the suit as such administrator. Van Doren v. Pennsylvania R. R., 93 Fed. 260, 35 C. C. A. 282; Hodges v. Kimball, 91 Fed. 845, 34 C. C. A. 103."

It was said by the counsel for the plaintiff on the argument that ancillary letters cannot be obtained in New York, as Dodge left no assets here. If he had not died, he had a cause of action for personal injuries and another for injury to his personal property arising in New York. Our surrogates' courts have quite generally held that such facts give the right to ancillary letters in this state. The cases cited show this. This being so, Mrs. Dodge may now take ancillary letters here, or possibly letters in chief, and amend and plead such grant of letters under the authority of J. B. and J. M. Cornell Co., Lt., et al. v. Ward, supra. It will not be necessary for the administratrix to discontinue this case and commence a new action.

If our courts should hold that letters in chief, or ancillary, cannot issue in such a case as this—that is, that our Legislature has provided that an action may be maintained by the executor or administrator of

177 F.—63

the deceased person to recover damages for death caused by wrongful act in the state, but has denied the right to obtain the appointment within the state of an executor or administrator to commence such action in the case of the citizen of another state injured here, thereby nullifying the other statute in many cases, and in such a case as this— I should hold that our Legislature, by giving the right to bring and maintain the action to the executor or administrator of the deceased, had thereby recognized the executor or administrator of the foreign state, and authorized him to bring the action here. But our courts have not so settled the law. The remedy of the plaintiff is to apply for and take ancillary or principal letters in New York and then amend. By so doing no right will be lost. The widow and children of Dodge are not without remedy in case it can be shown his death and the destruction of his property, or either, resulted from the negligence of the town or of its commissioner of highways.

The demurrer is sustained, but the plaintiff may have 60 days in which to procure the appointment of an administrator here, and file and serve an amended complaint on payment of the costs of the action to this time.