ST. BERNARD v. SHANE et al.

(District Court, N. D. Ohio, E. D. January 2, 1913.)

No. 8,404.

**1. DEATH (§ 31*)—RIGHT TO SUE—STATUTORY ACTIONS—LIMITATIONS.**

A right of action for wrongful death conferred by statute, being in contravention of the common law and dependent alone on the statute creating it, must be taken with the limitation placed by the statute on the remedy, giving the right to sue solely to a particular person.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 35, 37–46, 48.; Dec. Dig. § 31.*]

**2. DEATH (§ 8*)—WRONGFUL DEATH—RIGHT TO SUE—STATUTES.**

Where the intestate of a Michigan administratrix was killed in Illinois, the administratrix's right to sue therefor in Ohio depended on the statutes of Illinois, and for the purpose of such suit she might be regarded as an Illinois administratrix.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 12, 36, 52, 121, 133; Dec. Dig. § 8.*]

**3. EXECUTORS AND ADMINISTRATORS (§ 524*)—LETTERS—SCOPE—EXTENT OF POWERS—SUIT IN FOREIGN JURISDICTION.**

The capacity conferred by letters of administration is limited to the state within which they are granted, and, in the absence of statutes giving effect to the foreign appointment, no suit can be maintained by such administrator in another state in either the state or federal courts.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2330–2343; Dec. Dig. § 524.*]

**4. DEATH (§ 35*)—WRONGFUL DEATH—FOREIGN ADMINISTRATOR—RIGHT TO SUE.**

Gen. Code Ohio, § 10769, and section 10770 as amended by Laws 1910, p. 198, provides that an administrator duly appointed in another state or country may sue in the courts of Ohio in like manner and under like restriction as a nonresident is permitted to sue, and may sue for wrongful death in all cases where the state of the administrator's domicile allows the enforcement in its courts of a statute of Ohio of a like character. The Illinois statute relating to wrongful death (Laws 1853, p. 97) as amended in 1903 (Laws 1903, p. 218) provides that no such action shall be brought or prosecuted in Illinois to recover damages for a death occurring outside the state. *Held*, a Michigan administratrix of a person alleged to have been wrongfully killed in Illinois could not sue either in the state or federal courts of Ohio for such wrongful death.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 50; Dec. Dig. § 35.* What law governs actions for wrongful death, see note to Burrell v. Fleming, 47 C. C. A. 606.]

**5. COURTS (§ 371*)—FEDERAL COURTS—WRONGFUL DEATH—STATE STATUTES—ENFORCEMENT.**

The federal courts in one state will enforce a cause of action for wrongful death arising under the statutes of another state, only when it

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is not prohibited by the statutes or public policy of the state where the action is brought, and where the procedure is adequate to the enforcement of such rights therein.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 907, 972–976; Dec. Dig. '§ 371.*

Jurisdiction of federal courts as affected by state laws, see note to Barling v. Bank of British North America, 1 C. C. A. 513.]

6. COURTS (§ 371*)—FEDERAL COURTS—CAUSES OF ACTION ARISING IN DIFFERENT STATES.

The right to enforce in a federal court in one state a cause of action arising under the laws of another state depends entirely on the statutes and policy of such other state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 907, 972–976, Dec. Dig. § 371.*]

At Law.  Action by Lillian St. Bernard, as administratrix of the estate of Bion St. Bernard, deceased, against S. P. Shane and G. A. Garretson, receivers of the Gilchrist Transportation Company.  On demurrer to complaint.  Sustained.

Ewing, Counts & Terrell, of Cleveland, Ohio, for plaintiff.

Hoyt, Dustin, Kelley, McKeehan & Andrews, of Cleveland, Ohio, for defendant.

DAY, District Judge.  This is an action brought by the plaintiff, as administratrix, to recover damages on account of the death of her intestate.  The injuries and death occurred in Illinois.  The cause of action arises out of the Illinois statutes providing for the recovery by the decedent's personal representative for the death of the decedent. The sections of the statute giving the right of action (Hurd's Revised Statutes of Illinois 1912, chapter 70, sections 1 and 2) provide as follows:

"Section 1. Be it enacted by the people of the state of Illinois, represented in the General Assembly.  Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"Sec. 2. Every such action shall be brought by and in the name of the personal representatives of such deceased person and the amount recovered in every such action shall be for the exclusive benefit of the widow and the next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law.  In relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person not exceeding the sum of ten thousand dollars:  Provided, that every such action shall be commenced within one year after the death of such person.  Provided further, that no action shall be brought or prosecuted in this state to recover damages for a death occurring outside of this state, and that the increase from five thousand to ten thousand dollars in the amount hereby authorized to be recovered shall apply only in cases when death hereafter occurs."

The plaintiff has brought suit in this court, alleging in her petition that she was appointed administratrix in Michigan, the home of the decedent.

The defendants have filed a demurrer to the petition, assigning two grounds: "First. The plaintiff has not legal capacity to sue. Second. That the facts alleged in the petition are not sufficient to constitute a cause of action."

The question then for consideration is this: Can an administratrix, appointed in Michigan, enforce in a federal court of Ohio a cause of action given by the Illinois statutes for death occurring by wrongful act in Illinois? This demurrer raises no question of jurisdiction.

[1] The first ground of demurrer raises the question as to whether or not the plaintiff has legal capacity to maintain this action in this court. The question then is: Can the plaintiff, as an administratrix, appointed in Michigan, under the facts stated, maintain this action in the federal courts in Ohio? The right of action for death by wrongful act arising under the Illinois statutes is vested in the personal representative of the decedent. The right of action being given, in contravention of the common law, and being dependent alone upon the statute creating it, the right must be taken with the limitation placed upon the remedy.

[2] The rights of the administratrix are therefore derived from the Illinois statutes, and for the purposes of this suit she may be regarded as an Illinois administratrix. · Davidow v. Pennsylvania R. Co. (C. C.) 85 Fed. 943, 944; Northern Pac. R. Co. v. Babcock, 154 U. S. 190, 197, 14 Sup. Ct. 978, 38 L. Ed. 958.

[3] The capacity conferred by letters of administration is limited to the state within which they are granted, and, in the absence of statutes giving effect to the foreign appointment, no suit can be maintained by such officer in another state, in either the state or federal court. Story on the Conflict of Laws, § 513; Noonan v. Bradley, 9 Wall. 394, 400, 19 L. Ed. 757; Johnson v. Powers, 139 U. S. 156, 11 Sup. Ct. 525, 35 L. Ed. 112; Byers v. McAuley, 149 U. S. 608–615, 13 Sup. Ct. 906, 37 L. Ed. 867.

[4] That this rule is applicable to both state or federal courts was recognized by the Court of Appeals for this circuit, in the case of Courtney v. Pradt et al., 160 Fed. 561–563, 87 C. C. A. 463. This being the recognized rule, it becomes important to ascertain what right the Ohio statutes give to an administratrix, appointed in a foreign jurisdiction, to maintain an action in this state. It was held in Chambers v. B. & O. R. Co., 207 U. S. 142, 28 Sup. Ct. 34, 52 L. Ed. 143, that:

"The state policy decides whether and to what extent the state will entertain in its courts transitory actions, where the causes of action have arisen in other jurisdictions."

The policy of Ohio, in such cases, is found in sections 10769 and 10770 of the General Code.

Under section 10769 it is provided that:

"An executor or administrator duly appointed in another state or country, may commence and prosecute an action or proceeding in any court in this state, in his capacity as such, in like manner and under like restrictions as a nonresident is permitted to sue."

Section 10770, as amended by Laws 1910, p. 198, provides that a right of action for death by wrongful act arising under a statute of another state may be enforced in Ohio "in all cases where such foreign state * * * allows the enforcement in its courts of a statute of this state, of a like character."

In the case of B. & O. R. Co. v. Chambers, 73 Ohio St. 16, 23, 76 N. E. 91, 93 (11 L. R. A. [N. S.] 1012), the Supreme Court of the state of Ohio said:

"Primarily the Legislature must be held to be the judge of questions of public policy, and, if it has spoken plainly either for or against the enforcement of a statute of its sister state in a given case, the courts must obey its mandate."

It will then be seen that, under the Ohio statutes and Ohio decisions, the Legislature of Ohio and the courts of Ohio have expressly declared that it is against the public policy of the state of Ohio to permit a foreign administratrix to enforce in its courts a cause of action for death by wrongful act arising under the statutes of another state, except where such state permits the enforcement in its courts of similar causes of action arising under the Ohio statutes. We then inquire: Will the statutes of Illinois and will the law of Illinois permit of the enforcement in its courts of the Ohio statutes giving a cause of action for wrongful death? The Illinois statutes (Laws 1853, p. 97) covering this situation as amended in 1903 (Laws 1903, p. 218) provided in part:

"That no such action shall be brought or prosecuted in this state to recover damages for a death occurring outside of this state."

And this is the present statute law of the state of Illinois. The Supreme Court of Illinois, in the unreported case of Thomas Daugherty, Administrator, appellant, against American McKenna Process Company, appellee, decided on the 26th day of October, 1912, upholds the constitutionality of this statute, so it is the established law of the state of Illinois that no action shall be brought or prosecuted in that state to recover damages for a death occurring outside of that state. It is well established that an administrator appointed in one state to recover damages for the death of his intestate in the courts of another state receives his capacity to sue conferred by letters of administration granted in the appointment, and this capacity to sue is limited to the state within which the letters are granted; and that, in the absence of a statute giving effect to a foreign appointment, no suit can be maintained in the courts of another state by such an administrator.

Such is the law as is announced by the Court of Appeals for this circuit in Maysville St. R. Co. v. Marvin, 59 Fed. 91, 8 C. C. A. 21. The following cases are also authority for this doctrine: Sanbo v. Union Pacific Coal Company (C. C.) 130 Fed. 52; Cornell Company, Ltd., v. Ward, 168 Fed. 51, 93 C. C. A. 473; Dodge v. Town of North Hudson (C. C.) 177 Fed. 986; Smith v. Madden (C. C.) 78 Fed. 833. It then becomes apparent that the plaintiff herein has not the legal capacity to maintain the action in this court, and the demurrer will be sustained as to the first ground thereof.

In considering the second ground of demurrer as suggested by coun-

sel for the defendant, the right of the administrator as a citizen of one state to enforce in the courts of Ohio, or a federal court in Ohio, an action for wrongful death, arising under the statutes of another state, is the question raised. From the Ohio statutes already quoted it appears that an action for wrongful death would be enforced in this state in all cases where such foreign state allows the enforcement in its courts of the statutes of this state, of a like character.

The provisions of the Ohio law relating to the right to maintain an action for a death or injury occurring in another state were considered by the Supreme Court of Ohio, in the case of Wabash R. Co. v. Fox, Adm'r, 64 Ohio St. 133, 142, 59 N. E. 888, 889 (83 Am. St. Rep. 739) where the court said:

"It is apparent from this section that a condition to the right to maintain such action in this state where the injury occurred in another state is that such state allows the enforcement of the statutes of this state of like character; that is, if by the laws of such foreign state our statutes will be enforced in an action based upon alleged death from negligence occurring in Ohio, then a party may maintain an action of like character here where injury was received in such other state; otherwise not."

This statute having been construed by the Supreme Court of Ohio, this court is bound by such decision. Maiorano v. B. & O. R. R. Co., 213 U. S. 268, 29 Sup. Ct. 424, 53 L. Ed. 792.

The Supreme Court of the United States has also decided that a state may restrict or even deny the right to sue in its courts in transitory actions. Chambers v. B. & O. R. R. Co., 207 U. S. 142, 28 Sup. Ct. 34, 52 L. Ed. 143. This case was before the Supreme Court on a writ of error directed to the Supreme Court of Ohio.

From the decisions cited, it seems clear that a state may through its Legislature say what transitory action arising in other jurisdictions shall be enforced in its courts and upon what conditions they may be so enforced.

From the foregoing it is clear that a state, through its Legislature, may declare the public policy of that state in its statutes, if the policy adopted operates uniformly upon the citizens of the respective states. The conditions we have presented by the petitioner in this case we are considering operates uniformly, because it denies the right to enforce a cause of action for death arising in Illinois, not only to the citizens of Illinois, but to the citizens of the several states, including the state of Ohio.

The plaintiff herein is not denied access to the courts of Ohio because she is a citizen of a particular state or because she is not a citizen of Ohio, or some other state, but because what she seeks to enforce is not cognizable in the courts of this state for the reason that the Legislature of Ohio has declared it to be against the public policy of Ohio to entertain such actions in its courts.

[5] The federal courts in one state will enforce a cause of action for wrongful death arising under the statutes of another state, only when it is not prohibited by the statutes or the public policy of the state where the action is brought, and where the procedure in such state is adequate to the enforcements of such rights therein. Slater

v. Mexican National Railroad Company, 194 U. S. 120, 24 Sup. Ct. 581, 48 L. Ed. 900; Cuba Railroad Company v. Crosby, 222 U. S. 473, 32 Sup. Ct. 132, 56 L. Ed. 274, 38 L. R. A. (N. S.) 40.

[6] The right to enforce an action, then, in a federal court in one state in a cause of action arising under the laws of another state, depends entirely upon the statutes and the policy of such other state. The policy of the state of Illinois does not permit the maintenance of such an action as is involved in this case arising under the statutes of the state of Ohio, the statutes of Illinois prohibiting such action. The statutes of the state of Ohio deny to a citizen of the state of Illinois the right of action for wrongful death arising under the statutes of Illinois, and this applies equally to the federal courts in Ohio.

The second ground of demurrer will, accordingly, be sustained, and exception granted to the plaintiff.