OTTO J. LANG, Ancillary Executor, etc., Respondent, v. THE HOUSTON, WEST STREET AND PAVONIA FERRY RAILROAD COMPANY, Appellant.

*Damages for personal injuries — contributory negligence as a matter of law — right of action by an ancillary executor.*

It does not constitute negligence, as matter of law, that a person crossing a street fails to observe that a car is moving at more than twice the usual rate of speed of horse cars on the street, along which it was proceeding, nor is it negligent for him to assume that the driver thereof will obey the customary signal of a person desiring to ride in such car.

Section 1902 of the Code of Civil Procedure is a remedial statute enacted to compel those who negligently cause the death of persons to compensate the surviving husband, widow or next of kin of the person so killed, and should be so construed as to give, rather than to withhold, the remedy intended to be provided; there is nothing in the words of the statute or in the circumstances attending its enactment from which it can be inferred that the Legislature intended to give the right of action only in case the person killed was a citizen of the State of New York or left property therein.

Section 1902 of the Code of Civil Procedure is not covered by the express terms of section 2702 thereof, but by the broad powers conferred by the latter section upon ancillary representatives, it is evident that the Legislature intended to give them every right of action conferred upon executors or administrators, except those specially excepted.

APPEAL by the defendant, The Houston, West Street and Pavonia Ferry Railroad Company, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 26th day of May, 1893, upon the verdict of a jury for $1,583.77 after a trial at the New York Circuit.

*Henry A. Robinson,* for the appellant.

*D. Edgar Anthony,* for the respondent.

FOLLETT, J. :

This action was brought to recover damages resulting from the death of plaintiff's testator, caused, it is alleged, by the negligence of the defendant's employees.

At about five o'clock and fifteen minutes in the afternoon of March 9, 1892, Mason Hirsch, in attempting to cross from the east to the west side of Broadway, was knocked down by the horses drawing one of defendant's cars, and so injured that he died within forty-eight hours thereafter.

But two witnesses were sworn on the question of the negligence of the defendant's employees and the contributory negligence of the decedent.

Mr. Scheuer, who was engaged in business on Broadway, and familiar with the rate of speed of horse cars in that street, testified that just before the accident he signaled the driver of the car which injured the decedent that he wished to board it, but the driver refused to stop, and indicated that he should take another car, and

urged on his horses, which were, in the language of the witness, " going at a terrific rate of speed."

Mr. Baylor, a lawyer having an office on Broadway, was riding on this car and stood by the side of the driver at the time of the accident. He testified that the horses were being driven " at a very fast rate of speed ;" that they were galloping most of the time going up Broadway, and, in his opinion, they were traveling at the rate of twelve miles an hour. He describes the accident as follows : " Just before the horses struck him (Hirsch) I saw the driver didn't notice him, and I caught the driver and grabbed hold of his reins, and then instantly saw him, and he put the brake on and tried to stop."

No witnesses were called by the defendant as to the rate of speed of the car, or to contradict or to explain the evidence given in behalf of the plaintiff, and without quoting it we think there was sufficient to justify the jury in finding that the car was moving at a rate of speed which, in that crowded thoroughfare, was negligent, and also that the driver was negligent in not observing the decedent in time to avoid the collision. The decedent was crossing Broadway at or near a street crossing, and the car approaching from the south was signaled by a person who wished to take it, and it was not, as a matter of law, negligent in the decedent to fail to observe that the car was moving at more than twice the usual rate of speed of horse cars on Broadway, nor was it negligent for the decedent to assume that the driver would obey the customary signal of a person desiring to take the car. The evidence justified the jury in finding that if the car had been moving at the usual rate of speed of horse cars on Broadway, or if the driver had obeyed the signal of Scheuer who tried to take passage, the decedent would have crossed in safety, and we think the evidence was sufficient to authorize the jury to find that the decedent did not, by his negligence, contribute to the accident.

The decedent, at the time of his death, was a resident of the city of Philadelphia, in the State of Pennsylvania. He left a widow and six children, who are his next of kin and heirs. He left a will which was duly admitted to probate March 24, 1892, in the State of Pennsylvania, and letters testamentary were issued to Mina Hirsch, his widow, Henry Hirsch and Alfred C. Hirsch, two of his sons.

September 10, 1892, ancillary letters were granted by the surrogate of the city and county of New York to the plaintiff, a son-in-law of the deeedent.

It is insisted on behalf of the appellant that section 1902 of the Code of Civil Procedure gives a right of action only to "the executor or administrator of a decedent," but does not confer a right of action on an ancillary executor.

This statute is a remedial one, enacted for the purpose of compelling those who negligently cause the death of persons to compensate the surviving husband, widow or next of kin of the person so killed, and, like all such statutes, should be so construed as to give, instead of withholding, the remedy intended to be provided. (*Lamphear* v. *Buckingham,* 33 Conn. 237 ; *Haggerty* v. *Central R. Co.,* 31 N. J. L. 349.) The important portion of the section is that which gives a right of action, and not that part which provides who may enforce it ; the latter is an incidental provision. There is nothing in the words of the statute, nor in the circumstances attending its enactment, from which it can be inferred that the Legislature intended only to give a right of action in case the person killed was a citizen of this State, or left property in this State. The words of the statute are "the executor or administrator of a decedent   *   *   *   may maintain an action to recover damages." These words are broad enough to include ancillary executors or administrators, and nowhere in the sections relating to this subject are there found words indicative of an intent to exclude ancillary representatives, nor is there any reason that we can see why they may not maintain an action, unless we hold that the statute does not apply to persons killed who are not residents of this State. Section 2702 of the Code of Civil Procedure provides that all of the provisions of chapter 18 of the Code (except the 5th title, which relates to the distribution of decedent's realty) "relating to the rights, powers, duties and liabilities of an executor or administrator, apply to a person to whom ancillary letters are granted."

Section 1902, being a part of chapter 15, and not of chapter 18, is not within the express terms of section 2702, but by the broad powers conferred by that section upon ancillary representatives, it is evident, we think, that the Legislature intended to give them every right of action conferred upon executors or administrators, except those specially excepted.

We think the intention was to give damages to the surviving husband, widow or next of kin, enforcible by the person who, for the time being, represented, in this State, the estate of the decedent.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.