## DODGE v. TOWN OF NORTH HUDSON.

(Circuit Court, N. D. New York. June 26, 1911.)

1. EXECUTORS AND ADMINISTRATORS (§ 524*)—FOREIGN ADMINISTRATOR—RIGHT TO SUE—ANCILLARY LETTERS.

A foreign administrator cannot sue in the courts of New York for the alleged wrongful killing of her intestate without obtaining ancillary letters of administration in New York.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2330; Dec. Dig. § 524.*]

2. EXECUTORS AND ADMINISTRATORS (§ 524*)—ACTION—ANCILLARY LETTERS —
NEW ACTION.

Where a demurrer was sustained to a foreign administrator's complaint in an action for wrongful death because of failure to allege the obtaining of ancillary letters of administration in the state where the suit was brought, the·administrator on obtaining ancillary letters was not required to commence a new suit, but was entitled to set up such fact by amendment.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 524.*]

3. HIGHWAYS (§ 203*)—INJURIES FROM DEFECTS—ACTION—ANCILLARY ADMIN-
ISTRATION—NOTICE.

Code Civ. Proc. N. Y. § 1902, provides that the executor or administrator of a decedent who has left him or her surviving a husband, wife, or next of kin, may maintain an action for wrongful death, and section 1903 declares that the damages shall be exclusively for the benefit of decedent's husband, wife, or next of kin, and when collected shall be distributed by the plaintiff as if they were unbequeathed assets left after payment of all debts and expenses of .administration. Highway Law (Laws N. Y. 1890, c. 568) § 16, provides that every town shall be liable for damages to persons sustained by defects in its highways, but that no action shall be maintained therefor unless a verified statement shall have been presented to the supervisor within six months after the cause of action accrued, etc. *Held*, that since the statute is silent as to the place of appointment of the executor or administrator authorized to sue for wrongful death, and, but for the rule requiring ancillary letters in order to authorize a suit by a foreign administrator in New York, an action for wrongful death might be maintained there by a foreign administrator, where plaintiff, after being appointed domiciliary administrator of her husband's estate, gave notice to defendant town of a claim for wrongful death of her husband because of alleged defects in its highways, the fact that she had not obtained ancillary letters at that.time did not invalidate the notice or require her to give a new notice on obtaining ancillary letters.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 510–518; Dec. Dig. § 203.*]

At Law. Action by Josephine M. Dodge, as administratrix of the estate of James E. Dodge, deceased, against the Town of North Hudson. On demurrer to complaint for want of facts. Overruled.

See, also, 177 Fed. 986.

Miller & Matterson, for plaintiff.
Salisbury & Rowe, for defendant.

RAY, District Judge. For the purposes of this case on this demurrer, the facts are as follows: On the 26th day of July, 1908, James E. Dodge, a resident and citizen of the state of Massachusetts, was rightfully traveling in his automobile upon one of the highways of the town of North Hudson, one of the towns of the county of Essex, N. Y. By reason of defects in its said highway and a bridge or its approaches forming a part of said highway existing because of the neglect of the commissioner of highways of said town, the plaintiff's intestate, James E. Dodge, with his vehicle, was thrown out of the beaten track and down an embankment, and Dodge was killed and his automobile substantially ruined. There were damages to both person and property sustained by reason of such defects existing by reason of such negligence in excess of the sum of $2,000 exclusive of interest

and costs as to each cause of action. The cause of action in these regards is pleaded with all necessary particularity.

Shortly thereafter, Josephine M. Dodge, the widow of said deceased, was duly appointed administratrix of the estate, etc., of said James E. Dodge by the proper probate court of the state of Massachusetts, and on or about the 9th day of January, 1909, she, as such administratrix, caused a definite and particular verified statement of the facts, cause of action, to be served on and presented to the supervisor of said town of North Hudson, and after the lapse of 15 days commenced the above action in this court to recover such damages under the statute of the state of New York permitting a recovery in such cases.

[1] The defendant demurred to the complaint on the ground, with others, that, not having taken out ancillary letters of administration in the state of New York, she could not maintain the action in this jurisdiction, the United States Circuit Court for the Northern District of New York. This court sustained the demurrer on that ground—that an executor or administrator appointed by the probate court of one state cannot maintain an action upon a cause of action existing in favor of the estate she represents in the courts, state or federal, of another state without taking ancillary letters in the state where the action is brought. 177 Fed. 986. This court followed J. B. & J. M. Cornell Co. v. Ward, 168 Fed. 51, 52, 93 C. C. A. 473; Van Doren v. Pennsylvania R. Co., 93 Fed. 260, 35 C. C. A. 282; Hodges v. Kimball et al., 91 Fed. 845, 34 C. C. A. 103; and Stewart v. Baltimore & Ohio Railway Co., 168 U. S. 445, 449, 18 Sup. Ct. 105, 106, 42 L. Ed. 537.

[2] Following the cases mentioned, this court also held that a new action was not necessary, and permitted an amendment to the complaint after ancillary letters should be obtained. The plaintiff then took out ancillary letters of administration in the state of New York and amended her complaint by alleging the grant thereof in the state of New York, but, we infer, did not serve a new or amended notice of claim as none is alleged. The defendant claims that such a cause of action accrues when the notice of claim is presented to the supervisor of the town, and that in this case no one could serve or present the claim except an administratrix of the estate of said James E. Dodge appointed by the probate or surrogate's court of one of the counties of the state of New York to whom and to whom alone the cause of action is given; that the complaint does not allege the presentation of any such claim to the supervisor of the defendant town or to any one, but, on the other hand, shows the presentation of a claim by the administratrix appointed by the Massachusetts court long before the issue of such ancillary letters, and that such notice of claim is void and wholly ineffectual. The defendant also claims that, as the cause of action could not accrue until the presentation of a claim by the ancillary administratrix to whom alone the right of action is given, and she could not present same before her appointment, and no suit could be commenced until 15 days after the presentation of a legal statement or claim by the proper person, no cause of action is stated and no cause of action has accrued.

[3] The statute in force at the time Dodge was killed provided (Highway Law, c. 568, § 16, Laws 1890) as follows:

"Every town shall be liable for all damages to person or property, sustained by reason of any defect in its highways or bridges, existing because of the neglect of any commissioner of highways of such town. No action shall be maintained against any town to recover such damages, unless a verified statement of the cause of action shall have been presented to the supervisor of the town, within six months after the cause of action accrued; and no such action shall be commenced until fifteen days after the service of such statement."

This statute required the presentation of the claim "within six months after the cause of action accrued." I think the cause of action "accrued" when Dodge was killed and his property was damaged. It cannot be that a party injured by such negligence may wait 10 or 20 years before filing the claim. I think the purpose of the statute was to give speedy information to the town of the accident, injury, and consequent damage and intention to make a claim against the town. My opinion is that the presentation of the claim relates to procedure and the mode and manner of enforcing the remedy and the time within which notice shall be given after the injury. The cause of action for damages for the death is perfect and accrues when death occurs; but the liability imposed by the first part of the section quoted cannot be enforced until the notice is given, and then suit cannot be brought until 15 days have elapsed so as to afford suitable time for investigation by the officers of the town. In case of death caused by such negligence, the right of action is conferred or the common-law obstacle to recovery is removed by sections 1902 and 1903 of the New York Code of Civil Procedure, which read as follows:

"Sec. 1902. Action for death by negligence. The executor or administrator of a decedent, who has left, him or her surviving, a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect, or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent, by reason thereof, if death had not ensued. Such an action must be commenced within two years after the decedent's death.

"Sec. 1903. For whose benefit recovery had. The damages recovered in an action, brought as prescribed in the last section, are exclusively for the benefit of the decedent's husband or wife, and next of kin; and, when they are collected, they must be distributed by the plaintiff, as if they were unbequeathed assets, left in his hands, after payment of all debts, and expenses of administration. But the plaintiff may deduct therefrom the expenses of the action, and his commissions upon the residue; which must be allowed by the surrogate, upon notice, given in such a manner and to such persons, as the surrogate deems proper."

The recovery is for the benefit of the widow, children, etc.; but the action is prosecuted by the executor or administrator of the deceased. The statute is silent as to the place of appointment of such executor or administrator, and but for the rule that only ancillary administrators appointed in the state where the action is to be prosecuted, if such action is not prosecuted in the state of principal administration, are recognized, the right to prosecute the action would vest in the administrator appointed by the probate court of the decedent's domicile. The administrator as such has no interest in the recovery. It is not

necessary that the action in such cases be brought by the person named in the statute as the one who is to bring it, as the plaintiff is but a nominal plaintiff. Stewart v. Baltimore & Ohio Railroad Co., 168 U. S. 445, 449, 18 Sup. Ct. 105, 106, 42 L. Ed. 537.

"This statute is a remedial one enacted for the purpose of compelling those who negligently cause the death of persons to compensate the surviving husband, widow, or next of kin of the person so killed, and, like all such statutes, should be so construed as to give instead of withholding the remedy intended to be provided. Lamphear v. Buckingham, 33 Conn. 237; Haggerty v. Central R. Co., 31 N. J. Law, 349. The important portion of the section is that which gives a right of action, and not that part which provides who may enforce it; the latter is an incidental provision." Lang v. Houston, etc., R. Co., 75 Hun, 151, 27 N. Y. Supp. 90, affirmed 144 N. Y. 717, 39 N. E. 858.

See, also Hodges v. Kimball, 91 Fed. 847, 34 C. C. A. 103.

Here the defendant had due and specific notice and information of the negligence, time, and place of injury and consequences, and of the claim made. It was presented by Josephine M. Dodge, the widow of the deceased and one of the persons for whose benefit recovery may be had. She was administratrix of the estate of the deceased and gave the notice as such. She could not sue in New York as such and prosecute the action until she took ancillary letters, but this was technical, and subsequently she did take such letters. I think it too technical to say that a new notice or claim was essential. I think a substantial compliance with the statute, one which fully answers its purpose, is sufficient. In the Stewart Case, supra, the statute giving the right of action, or, more properly speaking, removing the common-law obstacle to recovery, the action being to recover for the tort or negligence, required the action to be brought in the name of the state of Maryland; but it was brought in the District of Columbia in the name of the personal representative, and this was sustained by the Supreme Court. I might cite a multitude of cases bearing on the question, but think Sheehy v. City of New York, 160 N. Y. 139, 143, 54 N. E. 749, and Missano v. Mayor, 160 N. Y. 133, 54 N. E. 744, sufficient. The defendant had a full and a specific notice in writing from the actual administratrix of the estate of the deceased, later the ancillary administratrix, and a repetition of such notice would have been entirely unnecessary so far as serving the purpose of the statute was concerned.

The cases decided in the Circuit Court of Appeals, one in this circuit and the others cited and approved by it, hold that this action was not prematurely or even improperly brought; that ancillary letters subsequently issued to the same person who obtained principal administration entitles such person to continue and prosecute the action already brought by the domiciliary administrator in the foreign state. This is equivalent to holding that the cause of action had accrued when the action was commenced.

Demurrer overruled, with costs. Defendant may answer within 30 days on payment of such costs.