Submit decision accordingly, giving notice of settlement.

---

PROVOST v. INTERNATIONAL GIANT SAFETY COASTER CO.

(Supreme Court, Appellate Division, First Department. July 11, 1912.)

1. EXECUTORS AND ADMINISTRATORS (§ 524*)—NONRESIDENT ADMINISTRATORS—RIGHT TO SUE.

Under Code Civ. Proc. § 1902, which authorizes executors and administrators to sue for their decedent's wrongful death, and under section 1836a, added by Laws 1911, c. 631, authorizing nonresident executors and administrators to sue or be sued the same as any nonresident, an administrator appointed in New Jersey can sue in New York for negligent death of his decedent.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2330–2343; Dec. Dig. § 524.*]

2. DEATH (§ 99*)—DAMAGES—EXCESSIVENESS.

Seventy-five hundred dollars damages is excessive recovery by a resident for negligent death of his wife, and should be reduced to $5,000, where she was 41 years old, left no children, and he sustained no other pecuniary loss than loss of her services.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 125–130; Dec. Dig. § 99.*]

Ingraham, P. J., and Scott, J., dissenting.

Appeal from Trial Term, New York County.

Action by George W. Provost, administrator, against the International Giant Safety Coaster Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Jeremiah J. Coughlan, of New York City, for appellant.

Don R. Almy, of New York City, for respondent.

McLAUGHLIN, J.   On the 3d of September, 1911, the defendant was operating a "roller coaster" at Coney Island, in the state of New York. The "roller coaster" was constructed of a series of trestles about 10 feet apart, on which a track was layed. Cars were run over the track carrying passengers for hire. The cars were loaded with people at a starting platform, and then run up an incline by an endless chain, and from the top of the incline they ran by gravity over a series of hills and valleys, and around curves, to the starting point. On the day in question plaintiff's intestate was a passenger in one of the cars, which was derailed, and she was killed. At the time of the accident the intestate was residing with her husband in the state of New Jersey, where he obtained letters of administration upon her estate. After obtaining such letters, he brought this action in his representative capacity to recover the damages alleged to have been sustained by reason of her death on the ground that the same was caused by defendant's negligence. He had a verdict for $7,500, and from the judgment entered thereon, and an order denying a motion for a new trial, defendant appeals.

[1] The main question presented by the appeal is whether an administrator appointed in the state of New Jersey can maintain an action in the state of New York under section 1902 of the Code of Civil Procedure. I think such action can be maintained. The section referred to provides that:

"An executor or administrator of a decedent * * * may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued."

Section 1836a of the Code of Civil Procedure, added by chapter 631, Laws 1911, provides, among other things, that:

"An executor or administrator duly appointed in any other state, territory or district of the United States, or in any foreign country, may sue or be sued in any court in this state in his capacity of executor or administrator in like manner and under like restrictions as a nonresident may sue or be sued. * * *"

In Lang v. Houston St. R. R. Co., 75 Hun, 151, 27 N. Y. Supp. 90, affirmed 144 N. Y. 717, 39 N. E. 858, it was held that an administrator to whom letters were issued in the state of Pennsylvania, upon which ancillary letters were issued in the state of New York, could maintain, in the courts of New York, an action to recover damages resulting from the death of his testator. It was there urged that the statute (section 1902, Code of Civil Procedure) did not give such right; that the right was limited by express words to "the executor or administrator," which excluded a right of action on ancillary letters.

But the court held that the statute is a remedial one, and should be so construed as to give, instead of withholding, the remedy intended to be provided; that the important part of it is that which gives a right of action; that the part which provides who may enforce it is merely incidental. A foreign administrator may obtain ancillary letters of administration in this state, but in doing so is subjected to expense and considerable delay, to obviate which section 1836a was evidently enacted. The plaintiff has been duly appointed executor of the decedent's estate, and, if death had not ensued, she could unquestionably have maintained an action in this state to recover damages for her injuries. It seems to me that under section 1836a plaintiff has the right to maintain this action. He fairly comes within its provision.

It is suggested that the distribution of the amount recovered under the laws of New Jersey is different than under the laws of New York, but there is no evidence of that fact, and, if there were, it would make no difference because the question of the distribution of the proceeds of the judgment, when collected, is not an issue nor is there any such question before the court.

[2] The intestate, at the time of her death, was 41 years of age. She left her surviving the plaintiff, but no children. She had during her married life acted as housekeeper for her husband, keeping no servant. There is no evidence of any pecuniary loss to the husband, other than the loss of her services.

Under such circumstances, it seems to me that an award of $7,500 is excessive, and for that reason the judgment and order appealed from should be reversed, unless the plaintiff stipulates to reduce the same to $5,000, and, if such stipulation be given, then the judgment is affirmed without costs to either party.

MILLER and DOWLING, JJ., concur.

SCOTT, J. (dissenting). While I concede that the question is a narrow one, and not free from difficulty, I incline to the opinion that an action authorized by section 1902, Code Civil Procedure, must be brought by an executor or administrator, original or ancillary, appointed in this state. The right of action is purely the creation of statute, and surely the Legislature which created the cause of action could determine how the proceeds of such an action should be distributed. The claim does not come to the executor or administrator from his decedent, and forms no part of the estate. The cause of action is really created for the benefit of the persons named in the statute; the right to prosecute it being given to the executor or administrator merely as a convenience. Indeed, under certain circumstances, an administrator can be specially appointed for no other purpose than to present such a claim, even if there be an executor or administrator existent for general purposes. Section 1903 of the Code places the distribution of the recovery under the supervision and control of the surrogate, who would, however, be unable to exercise such supervision

and control over a foreign administrator. I think that the judgment and order appealed from should be reversed, and the complaint dismissed, with costs to the appellant.

INGRAHAM, P. J., concurs.