### BIXLER et ux. v. PENNSYLVANIA R. CO.

(District Court, M. D. Pennsylvania. January 4, 1913.)

No. 430.

1. ABATEMENT AND REVIVAL (§ 12*)—PENDENCY OF SUIT IN STATE COURT—RIGHT TO SUE IN UNITED STATES COURT.

A prior suit pending in a state court is not a bar to a suit in the District Court of the United States between the same parties and on the same cause of action.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 87–91, 94, 95, 98; Dec. Dig. § 12.*

Pendency of action in state or federal court as ground for abatement of action in the other, see notes to Bunker Hill & Sullivan Mining & Concentrating Co. v. Shoshone Mining Co., 47 C. C. A. 205; Barnsdall v. Waltemeyer, 73 C. C. A. 521.]

2. JUDGMENT (§ 828*)—"JUDGMENT OF NONSUIT"—BARRING SUBSEQUENT ACTION—"JUDGMENT ON THE MERITS."

A "judgment of nonsuit" is not a "judgment on the merits," and the entry in a state court of a compulsory nonsuit is not a bar to an action on the same cause of action in the District Court of the United States.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1504–1509; Dec. Dig. § 828.*

For other definitions, see Words and Phrases, vol. 5, pp. 4493–4495, 4825–4827.]

3. LIMITATION OF ACTIONS (§ 55*)—DEATH OF SERVANT—ACCRUAL OF CAUSE OF ACTION.

A cause of action under the Employer's Liability Act (Act April 22. 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), and supplements thereto, for the death of an employé of a railroad company engaged in interstate commerce, accrues on the death of the employé from the injuries sustained in the service, and not on the appointment of his personal representative, competent and empowered to sue for his death.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 299–306; Dec. Dig. § 55.*]

---

4. LIMITATION OF ACTIONS (§ 125*)—COMMENCEMENT OF ACTION—DEATH OF SERVANT—SUBSTITUTION OF PARTIES.

A recovery under the Employer's Liability Act (Act April 22, 1908. c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), and supplements. for the death of an employé of a railroad company engaged in interstate commerce, is for the benefit of the surviving widow, husband, or children of the employé, and, if none, for his parents, and the personal representative prosecuting the action appears only as a nominal party; and where a deceased employé left no surviving widow or children, but parents, the parents are, under the act and under Purdon's Dig. Pa. (13th Ed.) p. 3238, the sole beneficiaries, and where they bring suit in their individual names within the statutory period, and they are appointed administrators of the deceased, they may be substituted as parties plaintiff in their representative capacity after the running of limitations, since the substitution does not change the cause of action.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 542; Dec. Dig. § 125.*]

At Law. Action by Isaac P. Bixler and wife against the Pennsylvania Railroad Company. Motion to abate denied.

William M. Hain, Wm. H. Middleton, and Samuel H. Orwig, all of Harrisburg, Pa., for plaintiffs.

Charles H. Bergner and Lyman D. Gilbert, both of Harrisburg, Pa., for defendant.

WITMER, District Judge. Suit was brought by the plaintiffs, Isaac P. Bixler and Hermina E. Bixler, his wife, against the defendant, the Pennsylvania Railroad Company, under the act of Congress of April 22, 1908 (35 Stat. 65, c. 149 [U. S. Comp. St. Supp. 1911, p. 1322]), and supplements, generally known as the "Employer's Liability Act," to recover for the death of plaintiffs' son, who at the time of the accident, resulting in his death, was in the employ of the defendant, engaged, as alleged, in interstate traffic. The accident occurred July 17, 1910, on defendant's road near Marietta, Pa., when the engine, in which plaintiffs' deceased was riding, while rounding a sharp curve and running at a high speed, was derailed, killing the employé instantly.

This action was instituted June 12, 1912. Plaintiffs' statement having been filed, October 31, 1912, defendant entered an appearance and pleaded the general issue, "not guilty." The case came on for trial December 10, 1912, and after jury was sworn the defendant moved to abate the plaintiffs' action for the following reasons: (1) That by the record it appeared that the employé, alleged to have been killed, died July 17, 1910, and the present action was instituted June 12, 1912, by, for, and on behalf of the father and mother of said decedent, and not by the personal representatives of the deceased; that no action, for the death of such employé, has, within two years from the day the cause of action accrued, been instituted by the personal representatives, as required by the act of Congress known as the "Employer's Liability Act." (2) That by the records in the court of common pleas of Dauphin county there appears to have been entered, in an action between the same parties and for the same cause of action a judgment against the plaintiffs—a compulsory nonsuit. Whereupon the plaintiffs replied deny-

ing the defendant's right to abate, offering to amend by substituting the personal representatives, Isaac P. Bixler and Hermina E. Bixler, administrators of Samuel E. Bixler, deceased. The defendant opposed the proposed amendment, and the questions raised were fully argued.

[1, 2] While the plea of the pendency of a prior suit in another jurisdiction has in some courts been allowed, it was decided in Stanton et al. v. Embry, Adm'r, 93 U. S. 548, 23 L. Ed. 983, that such prior suit in a state court is not a bar to a suit in a Circuit Court of the United States; nor is the action barred by the entry of a compulsory nonsuit. A judgment of nonsuit is not a judgment on the merits, and therefore it is no bar to another suit upon the same cause of action. 23 Cyc. pp. 1136, 1137. It does not determine the rights of the parties, and is no bar to a new action. Homer v. Brown, 16 How. 354, 14 L. Ed. 970. "A new trial, upon which nothing was determined, cannot support a plea of res adjudicata, or have any weight as evidence at another trial." Manhattan Life Insurance Co. v. Broughton, 109 U. S. 125, 3 Sup. Ct. 100, 27 L. Ed. 878.

[3] The act, removing the common-law obstacles, under which the plaintiffs seek to recover, in part, reads as follows:

Sec. 1. "That every common carrier by railroad while engaging," etc., "shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employé, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé; and, if none, then of the next of kin dependent upon such employé, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employés of such common carrier," etc.

Sec. 6. "That no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued."

Some argument was indulged regarding the exact time when the cause of action accrued, whether when the employé was injured and died, or when proper parties appeared who were competent and empowered to bring suit. That the cause of action accrued when the employé died from the injuries suffered in the employer's service is not in doubt. The cause of action for damages for the death of the employé, Bixler, was perfected and immediately accrued when he was killed. Dodge v. Town of North Hudson (C. C.) 188 Fed. 492. Hence a cause of action, if otherwise perfect, existed for such death when suit was instituted. The important question remaining is whether the action brought by the parents of the deceased in consequence thereof may be maintained or amended.

[4] In the event of death of an employé, the cause of action shall inure "to his or her personal representatives, for the benefit of the surviving widow, or husband, children of said employé, and, if none, then for the said employé's parents," etc. In the case before us the recovery, if any, is for the benefit of the parents of the deceased employé, though the action is to be prosecuted by his executor or administrator. The latter have no interest whatever in the recovery, and appear only as nominal parties in the action. The important matter is the award of damages. It is not an action for a fixed penalty for a wrong done, but an action for the recovery of the amount of damages the benefi-

ciaries have sustained by reason of the death; and since the object of the recovery will be the same, the parents being as well the sole bene-ficiaries under the Pennsylvania statutes (Stewart's Purdon's Digest, vol. 3, pages 3238–3241), it may be enforced by the parents, regardless of the entitlement of the action. Dodge v. Town of North Hudson, supra; Missouri, K. & T. Ry. Co. v. Wulf, 192 Fed. 919, 113 C. C. A. 665; St. Louis & S. F. R. Co. v. Herr, 193 Fed. 950, 113 C. C. A. 578; Van Doren v. Pennsylvania R. Co., 93 Fed. 266, 35 C. C. A. 282; Stewart v. Baltimore & Ohio Railroad Co., 168 U. S. 445–449, 18 Sup. Ct. 105, 42 L. Ed. 537. In the former case, regarding provisions sim-ilar to these under consideration, Judge Ray made use of the following excerpt as illustrative of the principle:

"This statute is a remedial one, enacted for the purpose of compelling those who negligently cause the death of persons to compensate the surviving husband, widow, or next of kin of the person so killed, and, like all such statutes, should be so construed as to give, instead of withholding, the remedy intended to be provided. Lamphear v. Buckingham, 33 Conn. 237; Haggerty v. Central R. Co., 31 N. J. Law, 349. The important portion of the section is that which gives a right of action, and not that part which provides who may enforce it. The latter is an incidental provision." Lang v. Houston, etc., R. Co., 75 Hun, 151, 27 N. Y. Supp. 90, affirmed 144 N. Y. 717, 39 N. E. 858.

In the Stewart Case, supra, the statute giving the right of action, or, more properly speaking, removing the common-law obstacle to recov-ery, the action being to recover for the tort or negligence, required the action to be brought in the name of the state of Maryland; but it was brought in the District of Columbia in the name of the personal rep-resentative, and this was sustained by the Supreme Court, saying:

"The two statutes differ as to the party in whose name the suit is brought. In Maryland, the party is the state; in this District, the personal represen-tative of the deceased. But neither the state in the one case nor the personal representative in the other has any pecuniary interest in the recovery. Each is simply nominal plaintiff. While in the District the nominal plaintiff is the personal representative of the deceased, the damages recovered do not become part of the assets of the estate, or liable for the debt of the deceased, but are distributed among certain of his heirs. By neither statute is there any thought of increasing the volume of the deceased's estate, but in each it is the award to certain prescribed heirs of the damages resulting to them for the taking away of their relative. * * * In an action for tort, like this one, it is evident that the real party in interest is not the nominal plaintiff, but the party for whose benefit the recovery is sought; and the courts of either jurisdiction will see that the damages awarded pass to such party."

In the case of Van Doren v. Pennsylvania R. R. Co., decided in this circuit, the court, in expressing doubt as to the necessity of an amend-ment, where suit was brought in the name of the widow, administratrix of the deceased, she being the sole beneficiary, changing her title to that of her own individual right, so as to comply with the Pennsylvania statute, said:

"The proposed amendment would not, if properly allowed, have changed the cause of action or affected in any manner the measure of proof neces-sary to establish the alleged tort. It would not have changed the issue to be tried, or have increased or diminished the amount to be recovered. It could not have operated to the prejudice of the defendants. It would merely have changed the capacity in which the suit should be prosecuted by Laura

L. Van Doren from that of administratrix to that of widow of the decedent, thereby conforming to the Pennsylvania statute. It could have been of no consequence to the defendant who should ultimately· receive the amount of any verdict against it, if the final judgment rendered in the action would bar a second suit for damages for the death of Henry Van Doren; and that the judgment would have operated as such bar we have no doubt, it appearing that the distribution of the fund would not be in any manner affected."

The motion to abate the action is denied, without regard to the defendant's plea of the general issue heretofore entered, and, while doubting the necessity of amending, by substituting as parties plaintiff the parents of the deceased as administrators, it will be so ordered, thereby complying with the practice indicated by the court in the latter case.