## AMERICAN R. CO. OF PORTO RICO v. CORONAS.

(Circuit Court of Appeals, First Circuit. March 1, 1916.)

No. 1125.

1. MASTER AND SERVANT ☞253½—INJURIES TO SERVANT—FEDERAL EMPLOYERS' LIABILITY ACT—RIGHT OF ACTION.

Under Employers' Liability Act April 22, 1908, c. 149, § 6, 35 Stat. 66 (Comp. St. 1913, § 8662), declaring that no action shall be maintained unless commenced within two years from accrual of cause of action, the limitation relates, not merely to the remedy, but the right, and it is incumbent upon one suing under the act to allege and prove his action was brought within the time limited.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ☞253½.]

2. DEATH ☞39—DEATH OF SERVANT—FEDERAL EMPLOYERS' LIABILITY ACT—ACCRUAL OF ACTION.

Under section 6 of the federal Employers' Liability Act, declaring that no action shall be maintained unless commenced within two years from the day the cause of action accrued, the cause of action for death of an employé must, in view of the fact that it can be maintained only by the personal representative for the benefit of the beneficiaries named, be deemed as accruing, not from the date of the employé's death, but from the date of the appointment of the administrator; no one being capable of suing until that time.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 260–284; Dec. Dig. ☞39.]

In Error to the District Court of the United States for the District of Porto Rico; Peter J. Hamilton, Judge.

Action by Amador Riera Coronas, administrator, against the American Railroad Company of Porto Rico. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Francis H. Dexter, of San Juan, Porto Rico, and Joseph B. Jacobs and Jacobs & Jacobs, all of Boston, Mass., for plaintiff in error.

Jose A. Poventud, of Ponce, Porto Rico, for defendant in error.

Before DODGE and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

BINGHAM, Circuit Judge. This is an action under the federal Employers' Liability Act of April 22, 1908 (35 Stat. 65, c. 149 [Comp. St. 1913, §§ 8657–8665]), brought by Amador Riera Coronas, administrator of the estate of Pedro Didricksen, against the American Railroad Company, in the District Court of the United States for Porto Rico, to recover damages resulting from the death of his intestate, who died on the 8th day of December, 1908, because of injuries which he sustained on the 30th of the preceding November, while employed by the defendant in switching and coupling cars on its railroad. Letters of administration were granted the plaintiff on the 12th of May, 1914, and this action was brought the 17th of December, 1914. There was a trial by jury and a verdict for the plaintiff.

The case is here on defendant's bill of exceptions, and the errors assigned are: (1) To the overruling of a demurrer to the declaration, setting forth that the action was barred, in that it was not brought within the two years' limitation of section 6 of the act; and (2) that there was no evidence from which the jury could find that the beneficiaries, the father and mother of the deceased, had suffered any pecuniary loss by his death.

[1, 2] The substantial question in the case is raised by the first assignment of error. The defendant says that the action cannot be maintained for the reason that it was not brought within two years from the death. The plaintiff's contention is that the limitation provided for in the statute does not run from the death, but from the appointment of the administrator.

Section 6 provides:

"That no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued."

And the question is whether the action accrued so that the statute began to run from the death or from the appointment of the administrator, when there was some one in existence who could enforce the liability.

The cause of action here provided for was unknown to the common law. The statute gives a new right for the benefit of certain dependent relatives, to recover the pecuniary loss and damage which they sustained by reason of the death. Michigan Central R. Co. v. Vreeland, 227 U. S. 59, 69, 70, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176; Winfree v. Northern Pacific Ry. Co., 227 U. S. 296, 33 Sup. Ct. 273, 57 L. Ed. 518; American R. R. Co. v. Didricksen, 227 U. S. 145, 149, 33 Sup. Ct. 224, 57 L. Ed. 456; Taylor v. Taylor, 232 U. S. 363, 370, 34 Sup. Ct. 350, 58 L. Ed. 638. It provides in terms that the suit shall be brought by the personal representative, and it has been held that the beneficiaries named in the statute, who suffer pecuniary loss, cannot maintain the action. American R. R. Co. v. Birch, 224 U. S. 547, 557, 32 Sup. Ct. 603, 56 L. Ed. 879; Missouri & Kansas Ry. Co. v. Wulf, 226 U. S. 570, 576, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134; St. Louis, S. F. & Texas Ry. v. Seale, 229 U. S. 156, 162, 33 Sup. Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914C, 156. The right granted exists only by virtue of the statute, and its scope and effect must be determined therefrom. The language of the act makes it plain that the right and correlative liability thereby established are conditional upon the bringing of the suit within two years from the day the cause of action accrued. The bringing of the action, therefore, within the specified time, is a condition to the exercise of the right, and, if the condition is not complied with, the parties stand, with respect to the wrongful act, as though the statute had not been enacted. The limitation relates, not merely to the remedy, but to the right. Central Vermont Ry. Co. v. White, 238 U. S. 507, 511, 35 Sup. Ct. 865, 59 L. Ed. 1433; Phillips v. Grand Trunk Ry., 236 U. S. 662, 666, 667, 35 Sup. Ct. 444, 59 L. Ed. 774. And it was incumbent upon the plaintiff to allege and prove that his cause of action was brought within the time limited.

The declaration discloses that the plaintiff was appointed administrator within two years prior to the bringing of the suit, but fails to show that he brought his action within two years from the death. If his right of action accrued at the time of the death, and not from his appointment, the declaration was demurrable. Atlantic Coast Line Railroad Co. v. General Burnette, 239 U. S. 199, 36 Sup. Ct. 75, 60 L. Ed. ——; Davis v. Mills, 194 U. S. 451, 454, 24 Sup. Ct. 692, 48 L. Ed. 1067; The Harrisburg, 119 U. S. 199, 214, 7 Sup. Ct. 140, 30 L. Ed. 358; Boyd v. Clark (C. C.) 8 Fed. 849; Theroux v. Northern Pacific R. Co., 64 Fed. 84, 12 C. C. A. 52; Brothers, Administrator, v. Rutland R. R. Co., 71 Vt. 48, 42 Atl. 980; Scitter v. West Jersey & S. R. Co., 79 N. J. Law, 277, 75 Atl. 435; Lapsley v. Public Service Corporation, 75 N. J. Law 266, 68 Atl. 1113; Poff v. New England Telephone Co., 72 N. H. 164, 55 Atl. 891.

It is to be noted that the statute does not require that the action shall be brought within two years from the death, but within two years from the time the cause of action accrued. It is also to be noted that the action is not for the occurrence out of which the death arose, but for the pecuniary damage to the beneficiaries due to the death; so that, in no event, could the cause of action arise until after the death, or be said to exist so that the statute could run until after that time. We may therefore assume that the statute, so far as this cause of action is concerned, did not begin to run until after death had ensued.

It is a general rule of law that where a cause of action arises, as in this case, after death, it is considered as accruing, for the purpose of the running of the statute, only from the time when there is some one in existence capable of suing, and, if no one but the administrator can sue, that the statute does not begin to run until administration is granted. This principle was announced at an early day. The leading English case on the subject is Murray, Administrator, v. East India Co., 5 Barn. & Ald. 204, which has been very generally followed in this country. It was an action by an administrator with the will annexed upon a bill of exchange made payable to the testator, but accepted after his death. The acceptance of the bill and the day of payment were more than six years before suit was brought, but administration was first taken out less than six years before, and it was held that the statute of limitations began to run from the granting of the letters of administration, and not from the time the bill became due, as the cause of action did not accrue until there was a party capable of suing.

In Sanford v. Sanford, 62 N. Y. 553, 554, the court says:

"The term 'cause of action' includes, not only the right proper, but the existence of a person by or against whom process can issue. A cause of action cannot accrue or exist unless there is a person in esse against whom an action can be brought and the right of action enforced. It is well said that 'when there is no person to sue there can be no laches.' A case literally within the words of the statute is without its spirit when it is impossible to maintain a suit at law. Richards v. Maryland Ins. Co., 8 Cranch, 81 [3 L. Ed. 496]. It is directly adjudged that the statute does not commence to run against the representatives of a deceased creditor upon an obligation incurred, or debt becoming due after his decease, until administration is granted upon his estate, there being no cause of action until there is a party capable of suing. Murray

v. East India Co., 5 Barn. & Ald. 204; Bucklin v. Ford, 5 Barb. [N. Y.] 393; Cary v. Stephenson, 2 Salk. 421. In order to put the statute in motion there must not only be a person in esse to sue, but a person to be sued. Davis v. Garr, 6 N. Y. 124 [55 Am. Dec. 387]; Levering v. Rittenhouse, 4 Whart. [Pa.] 130, per Nelson, J.; Wenman v. Mohawk Ins. Co., 13 Wend. [N. Y.] 267 [28 Am. Dec. 464]; Jolliffe v. Pitt, 2 Vern. 694; Douglas v. Forrest, 4 Bing. 686; Benjamin v. De Groot, 1 Denio [N. Y.] 155."

In Collier v. Goessling, 160 Fed. 604, 611, 87 C. C. A. 506, Judge Lurton, speaking for the Circuit Court of Appeals for the Sixth Circuit, said:

"To start the running of a statute of limitation there must be some one capable of suing, some one subject to be sued, and a tribunal open for such suits."

In Fulenweider's Case, 9 Ct. Cl. (U. S.) 403, it was sought to defeat a contract claim against the government on the ground that it was barred by the statute. The act of Congress of March 3, 1863 (12 Stat. 765, c. 92 [Comp. St. 1913, § 1147]), provided:

"That every claim against the United States, if cognizable by the Court of Claims, shall be forever barred unless the petition setting forth a statement of the claim be filed in the court or transmitted to it under the provisions of this act within six years after the claim first accrues."

It seems that the contractor died before the claim accrued, the services rendered having been completed June 1, 1861. The petition was not filed until March 13, 1873, but adminstration was granted December 19, 1870, and it was held:

"It is a well-settled rule that if, when the right of action would otherwise accrue and the statute [of limitations] begin to run, there is no person in existence who is qualified to sue upon that right, the statute does not begin to run till there is such a person. Angell on Lim. §§ 54–63. For this claim none but a personal representative * * * could sue; and there was no personal representative until December 19, 1870, when the statute began to run, less than three years before this suit was brought."

For other cases and authorities considering the statute of limitations as applied to a contract right maturing after death, see the following: Clark v. Amoskeag Co., 62 N. H. 612; Weiser v. McDowell, 93 Iowa, 772, 776, 61 N. W. 1094; Wenman v. Mohawk Ins. Co., 13 Wend. (N. Y.) 267 [28 Am. Dec. 464]; Walters v. City of Ottawa, 240 Ill. 259, 88 N. E. 651; Tobias v. Richardson, 26 Ohio Cir. Ct. R. 81, 85; Hobart v. Connecticut Turnpike Co., 15 Conn. 145; Parks v. Norris, 101 Mich. 71, 59 N. W. 428; Marsteller v. Marsteller, 93 Pa. 350; 1 Corpus Juris, p. 723, and note 23, p. 1145; 25 Cyc. p. 1065; Wood on Limitations (3d Ed.) p. 440, § 194; Angell on Limitations, c. 7, §§ 54–63; Bouvier's Law Dictionary, "Cause of Action."

In Andrews v. Hartford & New Haven R. R. Co., 34 Conn. 57, the question was, for all practical purposes, identical with the one here presented. The Connecticut statute provided in substance that, where a life was lost by reason of the negligence of a railroad company, such company should be liable to pay damages not exceeding $5,000 nor less than $1,000, to the use of the executor or administrator, to be recovered by him in an action for the benefit of the husband or widow

or children or heirs of the deceased person, as the case might be, and the court, on page 59, said:

> "The cause of action here would have been perfect on the happening of the death, and under section 546 would have been barred at the end of one year from the happening of that event, if an ordinary case, or there had been an executor. But it is a rule of law recognized by the court in Hobart v. Connecticut Turnpike Co., 15 Conn. 145, that a cause of action, accruing to an administrator after the death of the intestate, is not complete, and does not *arise* and exist, so that the statute of limitations can begin to run upon it, until an administrator is appointed who can bring suit. And the Legislature seem to have had that rule in view when they enacted the statute; for they did not say that the action should be barred unless commenced within one year from the death, or the happening of the events for which it is given, but unless 'commenced within one year after the *cause* of *action* shall have *arisen.*' Inasmuch, then, as under a well-settled rule no cause of action can *arise* and *exist* in favor of an administrator until he comes into existence as such, and this suit was brought within one year after the plaintiff received his appointment, it was not barred, and the court below erred in sustaining the demurrer."

In Sherman v. Western Stage Co., 24 Iowa, 515, the action was brought by an administrator under the Iowa statute, charging that his intestate's death was occasioned by the negligence of the defendant. In this case all the judges were agreed that, if the statute gave a new cause of action for the death, the right of action would not accrue and the statute of limitations would not attach until an administrator was appointed. The members of the court, however, were not agreed as to whether the statute gave a new cause of action for the death, but the majority was of the opinion that, whether the statute gave a new cause of action for the death or not, inasmuch as the death was substantially instantaneous, a right of action did not accrue to the plaintiff's intestate in his lifetime, and, this being so, the statute of limitation did not attach and begin to run until an administrator was appointed.

In the Circuit Court of the United States for the Southern District of Iowa, Judge Shiras, in Ewell, Administratrix, v. Chicago & N. W. Ry. Co., 29 Fed. 57, reviews the decision in Sherman v. Western Stage Co., supra, and, among other things, says:

> "If, however, the statute is to be construed to create, in favor of the estate, a cause of action other and distinct from that accruing to the person injured, then the question to be determined is: When does the statute begin to run as against such an action? The usual rule is that the statute begins to run when the right of action accrues; and, unless otherwise provided in the statute, the right of action is not deemed to have accrued until there is a person authorized to prosecute the same."

In Kennedy v. Burrier, 36 Mo. 128, 130, the Missouri statute (R. C. 1855, p. 648, § 2), which the court had under consideration, did not give a right of action to the personal representative for the wrongful killing of another, but provided that the suit should be brought (1) by the husband or wife of the deceased, or (2) if there be no husband or wife, or he or she fail to sue within six months, then by the minor child or children of the deceased; and it was further provided (section 6) that "every action instituted by virtue of the preceding sections of this act shall be commenced within one year after the cause

of action accrued." The widow failed to bring suit within six months after her husband's death, and the plaintiff, a minor child, brought suit within a year after the six months had elapsed within which the widow could have sued, but more than a year after the death. And the court held that, inasmuch as the widow could have brought suit immediately following the death of her husband, the cause of action accrued and the statute began to run at and from that date. In discussing the question the court said:

"When, then, did the cause of action accrue? We think the cause of action accrued whenever the defendant's liability became perfect and complete. Whenever the defendant had done an act which made him liable in damages, and there was a person in esse to whom the damages ought to be paid, and who might sue for and recover the same, then clearly the cause of action had accrued as against him. When, then, did the liability take place? Evidently at the death of Kennedy. The defendant at that time had done the whole wrong complained of, and there was a person in esse—to wit. Kennedy's widow—entitled to receive and empowered to sue for damages. Then the cause of action clearly accrued at the death of Kennedy, and the statute commenced running from that time."

In Crapo, Administratrix, v. City of Syracuse, 183 N. Y. 395, 76 N. E. 465, the Code of New York provided for an action by an executor or administrator to recover damages for a wrongful act or neglect resulting in death, and required that the action, when brought against a city having a population of 50,000 or more, should be "commenced within one year after the cause of action therefor shall have accrued," and that "notice of intention to commence such action and of the time and place at which the injuries were received" should be "filed with the counsel to the corporation, or other proper law officer thereof, within six months after such cause of action shall have accrued." The notice was filed 18 months after the death and within less than 2 months of the appointment of the administratrix. Action was commenced within 20 months after death and within 5 months after the appointment. If the action accrued at the death, and not when administration was granted, the notice was not seasonably given and the action was not seasonably commenced. O'Brien, J., in discussing the question, said:

"The notice which the statute requires to be served within 6 months after the cause of action has accrued must contain a statement that the party giving the notice *intends to commence an action.* The absence of such a statement vitiates the notice. Curry v. City of Buffalo, 57 Hun, 25 [10 N. Y. Supp. 392]. Who is to give the notice? It is very obvious that inasmuch as no one can bring such an action except a personal representative of the decedent the notice must come from him, and of course he cannot give any such notice until his appointment. A notice served by a stranger, or any one else except a personal representative of the deceased, who alone is entitled to bring the action, would be clearly insufficient, and the defendant could treat it as a nullity. These considerations, that are fairly deduced from a reading of the statute, and other statutes in pari materia, point clearly to the conclusion that the cause of action does not accrue until the personal representative of the decedent has been duly appointed."

In the opinions delivered in the above case, reference is made to the decision in Barnes v. City of Brooklyn, 22 App. Div. 520, 48 N.

Y. Supp. 36, as containing a correct statement of the rule of law here involved. In that case Mr. Justice Bradley said:

"The alleged cause of action in question resulted from the death of the plaintiff's intestate. It did not accrue during his life, and until letters of administration were granted to the plaintiff there was no person in existence capable of bringing an action for the alleged cause. While the right of action was given by the death of the plaintiff's intestate, for the alleged cause of the death, no cause of action could accrue to any party until the appointment of his personal representative. The creation of that relation, therefore, would reasonably seem to be essential to the accruing of a cause of action. And such is the recognized import of the term. See the definition of 'accrue' in Burrill's Law Dictionary. In Murray v. East India Company, 5 Barn. & Ald. 204, it was held that a cause of action upon a bill of exchange, payable to the testator and accepted after his death, did not accrue until his personal representatives came into existence by taking letters of administration. And the Court of King's Bench, by Abbott, C. J., there said: 'Now, independently of authority, we think that it cannot be said that a cause of action exists, unless there be also a person in existence capable of suing.' The leading case in this state upon the subject is Bucklin v. Ford, 5 Barb. [N. Y.] 393, where the defendant was charged with the conversion of personal property of the estate of the plaintiff's intestate after his death. It was there held, as in the Murray Case, supra, that the cause of action could not accrue until there was some person in existence capable of suing. Many cases are there cited in support of that rule. This proposition and the Bucklin Case are recognized, approved, and adopted in Everitt v. Everitt, 41 Barb. [N. Y.] 393, Dunning v. Ocean National Bank, 6 Lans. [N. Y.] 297, Id., 61 N. Y. 497, 503 [19 Am. Rep. 293], Sanford v. Sanford, 62 N. Y. 553, 555, Halsey v. Reid, 4 Hun, 778, and Cohen v. Hymes, 64 Hun, 56 [18 N. Y. Supp. 571]. The only modification of this doctrine is found in the provisions of section 392 of the Code of Civil Procedure. Those provisions have no application to the present case."

In Louisville & N. R. Co. v. Sanders, 86 Ky. 259, 5 S. W. 563, it appeared that the statutes of Kentucky provided that, "if the life of any person or persons is lost or destroyed by the willful neglect of another person, * * * the widow, heir or personal representative of the deceased shall have a right to sue * * * and recover punitive damages for the loss" (Gen. St. Ky. c. 57, § 3); that an action for an injury to the person "shall be commenced within one year next after the cause of action accrues" (chapter 71, art. 3, § 3); and that "if a person entitled to bring any of the actions mentioned * * * was, at the time the cause of action accrued, an infant, married woman, or of unsound mind, the action may be brought within the like number of years after the removal of such disability" (chapter 71, art. 4, § 2). The deceased was killed in February, 1880. He left minor children, but no widow. Administration on his estate was taken out in March, 1880. The action was brought in April, 1885, by the minor children, more than five years after the death. It was held that the action must be brought within one year from the time the cause of action accrued, and that the statutory provision in behalf of the infant heirs was operative only where there was no person in esse, as a widow or administrator, who could sue. The court said:

"The statute says that the suit shall be brought within a year after the cause of action accrues, and not thereafter. Whenever a party has done an act which makes him liable in damages, and his liability is complete, and there is one in esse who can sue therefor and recover, the cause of action has certainly accrued as against the defendant. * * * When Sanders was

killed the wrong was done. When the administrator qualified there was a person in esse who had the right to sue for, recover, and receive the entire damages, leaving no longer in existence the cause of action. The statute then began to run not only against him, *but against. the cause of action.*"

The defendant has called our attention to the case of Bixler v. Pennsylvania R. Co., 201 Fed. 553, decided by the District Court for the Middle District of Pennsylvania, January 4, 1913, as holding that the cause of action accrues and the statute begins to run under the federal Employers' Liability Act from the time of the death. In that case the plaintiffs were the father and mother of the decedent, who was instantly killed on the 17th of July, 1910, while in the employ of the defendant and engaged in interstate traffic. The action was begun June 12, 1912. The case came on for trial December 10, 1912. Thereupon the defendant moved to abate the action on the ground that the father and mother could not maintain the suit, and that no action had been.instituted by the personal representative within the two years limited by the statute. The plaintiffs, having been appointed administrators of their deceased son's estate, requested leave to appear in their representative capacities. The case does not show when the father and mother were appointed administrators, or whether more than two years had elapsed since their appointment. The court, without much discussion of the matter, was of the opinion that the action accrued and the limitation of the statute began to run from the death, and then proceeded to decide whether the amendment, if allowed, would introduce a new cause of action. In discussing this question, it took the view (1) that the amendment was unnecessary, as the plaintiffs, being the sole beneficiaries, might maintain the action in their own names as well as in their representative capacities, relying for this conclusion upon the decision in Stewart v. Baltimore & Ohio Railroad Co., 168 U. S. 445–449, 18 Sup. Ct. 105, 42 L. Ed. 537; and (2) that the proposed amendment, if allowed, would not be the introduction of a new cause of action, citing Van Doren v. Pennsylvania R. Co., 93 Fed. 266, 35 C. C. A. 282. The District Judge concluded his opinion in these words:

"The motion to abate the action is denied, * * * and, while doubting the necessity of amending, by substituting as parties-plaintiff the parents of the deceased as administrators, it will be so ordered, thereby complying with the practice indicated by the court in the latter case."

It is apparent from this decision that the District Judge entertained the view that the beneficiaries might maintain the action in their own names. If this were true, it would also follow that the action would accrue at the time of death, as the beneficiaries were then in esse and could maintain the suit. The only case cited in the opinion in support of the ruling as to the time when the action accrued and the statute began to run is Dodge v. Town. of North Hudson (C. C.) 188 Fed. 489, decided by the District Judge for the Northern District of New York, June 26, 1911. This was an action against a town, with reference to which the statutes of New York provided that:

"No action shall be maintained against any town to recover such damages, unless a verified statement of the cause of. action shall have been presented

to the supervisor of the town, within six months after the cause of action has accrued; and no such action shall be commenced until fifteen days after the service of such statement."

In this case it was held that the cause of action accrued, so that the statutory limitation as to notice would begin to run, from the death, and not from the appointment of the administrator, who, under the statute of New York, alone could sue. This was directly contrary to the settled rule of construction reached by the New York Court of Appeals in Crapo v. City of Syracuse, 183 N. Y. 395, 76 N. E. 465, decided January 23, 1896, in passing upon these statutes, which case was not referred to.

In Missouri, Kansas & Texas Ry. Co. v. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134, the question as to when the right of action under the statute accrued was not discussed or determined. The point decided was that, if the two years' limitation within which an action could be brought had terminated prior to the time the plaintiff asked leave to appear as administratrix, the desired amendment would not be the introduction of a new cause of action.

In view of the well-recognized rule heretofore pointed out as to when a right of action accrues—which Congress must have had in mind when enacting the present law—and in view of the fact that Lord Campbell's Act, upon which the Employers' Liability Act was modeled, expressly provided that the limitation should run from the death of the injured party, and that, in the enactment of the present law, Congress declined to adopt such a limitation, and fixed the period from the time the action accrued, we are of the opinion that the proper construction of the statute is that the right of action did not accrue, so that the limitation attached, until the administrator was appointed, and that the demurrer was properly overruled.

The evidence as to the pecuniary loss sustained by the beneficiaries in whose behalf the suit was brought was conflicting, and the question was properly submitted to the jury.

The judgment of the District Court is affirmed, with costs to the defendant in error.